## Commonwealth v. Dwyer.

*Husband and wife—Order of support—Divorce—Revocation of order.*

1. The mere entry of a decree in divorce will not of itself abrogate an order on the husband for the support of his wife and children.

2. In such case, if application is made after the divorce, the court which made the order will set it aside or modify it so as to confine the allowance to the support of the children.

Rule to show cause why the order for support should not be modified and amended. Q. S. Schuylkill Co., March Sess., 1922, No. 295.

*A. D. Knittle,* for prosecutrix; *M. J. Ryan,* for defendant.

Koch, J., Oct. 31, 1927.—The original return of the justice in this case has been mislaid or lost, but we have been supplied with a copy of it. In it the defendant is charged with the desertion of his wife and three children without reasonable cause and with his want of contribution to her support or that of his children. The information was sworn to on Jan. 13, 1922. On March 13, 1922, upon hearing had, the defendant was directed to pay the costs and to pay his wife $50 a month. Another hearing was had on Nov. 27, 1922, and the defendant was directed to pay his wife $30 every two weeks. The increase was made because Mrs. Dwyer had given birth to another child after her husband's desertion. The husband and wife never lived together after their separation in January, 1922, and on June 20, 1927, Dwyer obtained a decree of divorce from his wife. Having obtained said decree, Dwyer ceased his compliance with the order of this court and has paid Mrs. Dwyer nothing since Aug. 15, 1927, claiming that said order automatically ended with the decree of divorce. The evidence does not show whether the divorce was *a vinculo matrimonii* or *a mensa et thoro,* nor the ground thereof.

If the ground of divorce was cruel and barbarous treatment on the part of the wife, or indignities to his person, rendering his condition intolerable or life burdensome, the court granting the divorce could have allowed support or alimony according to the circumstances of her husband: Act of June 25, 1895, P. L. 308. Or if an annuity for life had been agreed upon after separation and prior to the divorce, the husband would be obliged to pay it: Blaker *v.* Cooper, 7 S. & R. 500. But we cannot say that the order of this court ended with the divorce; the way to end such an order is to apply to the court that made it. Otherwise, the order stands as a part of the court's record in the case.

Mrs. Dwyer and her four children are living together in a house in Mahanoy City, the title to which stands in the name of both Mr. and Mrs. Dwyer, but she is unable to support herself and the four children also. Mr. Dwyer appears to be willing to contribute to the support of his children, but nothing to the support of Mrs. Dwyer. The ages of the children are from twelve years to five years; consequently, none is able to do anything for the support of the family. Dwyer has a steady job at good wages, amounting to more than $180 a month.

The prayer of the petition is that the order heretofore made "be modified and amended according to law and equity and in accordance with the said decree of divorce, said order to be *nunc pro tunc* as of June 20, 1927."

The orders of this court were intended for the benefit of the defendant's wife and children, but Mrs. Dwyer is no longer entitled to support from her former husband. Therefore, the order must be modified.

The order made on Nov. 27, 1927, directing the defendant to pay to his wife the sum of $30 every two weeks, is vacated, and the defendant is ordered and

Commonwealth v. Dwyer.

directed to pay the costs and to pay to Mrs. Dwyer, his former wife, the sum of $30 every two weeks for the support of his four children, and to enter into his own recognizance in the sum of $1000, conditioned for his compliance with this order; this order to take effect as of Aug. 15, 1927.

From M. M. Burke, Shenandoah, Pa.